## CONSTANT A. ANDREWS, Appellant, v. JOHN D. PRINCE and Others, Respondents.

*Order for the examination of a party before trial — not granted to enable the party seeking it to prove that his adversary is guilty of a crime or fraud — Code of Civil Procedure, sec. 873.*

In an action founded upon fraud and deceit an order for the examination of the defendant will not be granted, where it appears that its object is to establish the frauds charged against him.

*Canada Steamship Company* v. *Sinclair* (3 Civil Pro., 285) distinguished and criticised.

Appeal from an order made at a Special Term vacating an order for the examination of James R. Keene, one of the defendants, as a party before trial.

*Harry Wilbur*, for the appellant.

*Wm. G. Choate*, for the respondents.

Brady, J.

This action is one which under the old system would be embraced within those designated as actions of tort, and rests upon charges of fraud and deceit for the purpose of obtaining money.

The first allegation in the complaint is that the defendants and others unknown to the plaintiff, for the purpose of obtaining money by fraud and deceit, on or about a certain day procured the organization of two companies; and it is further charged that in pursuance of such fraudulent and deceitful purpose the defendants did certain things particularly set out; and further, that the money received from the plaintiff was received in pursuance of the purpose for which the company was organized and the representations made. The action is therefore one which rests entirely upon charges of fraud, deceit and fraudulent conspiracy. It seems to be well settled that in such an action an order for the examination of a party will be vacated, when the object of it is to procure testimony to establish the fraud charged. This doctrine rests upon the provisions of the Constitution of this State which declares that no person shall be compelled in any criminal case to be a witness against himself.

*Yamato Trading Company* v. *Brown* (decided in this department and reported in 27 Hun, 248) is in point upon the question involved upon this appeal, in which it was decided that when the object of the examination, as already suggested, is to show by the testimony of the party that he procured property from the plaintiff by means of false and fraudulent representations, the order for his examination should be vacated. (See, also, *Kinney* v. *Roberts*, 26 Hun, 166; *Corbett* v. *De Comeau*, 5 Abb. N. C., 169; *Burbank* v. *Reed*, 11 N. Y. Weekly Dig., 576).

The case of the *Canada Steamship Company* v. *Sinclair* (reported in 3 N. Y. Civil Proc. Rep., 285) is not in conflict with the cases referred to. But if it were it would not be regarded as overruling, being a Special Term case, the decision of the General Term of this department. That case, however, is distinguishable from this, in that it was commenced to recover property or its value, and the object of the examination was to show how much of the property which was stolen from the plaintiffs came into the possession of the defendant.

The court held that the possession of the goods is not of itself a crime. It was necessary, if they were bought by the defendants, to show that they were purchased with a knowledge of their being stolen. The proposition was recognized as it should have been,

that if it appeared that the testimony which the party sought related exclusively to frauds which amounted to a crime, the order could not be maintained.

For these reasons the order appealed from was properly made and should be sustained.

The judgment of the court is, therefore, that the order appealed be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.